ROBERT R. LAING, JR.
Attorney at Law
12 Corporate Woods
10975 Benson, Suite 570
Overland Park, Kansas 66210
(913) 339 9111
(913) 339 9210 (Fax)
E-Mail rrlaing@planetkc.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

_____

THE ESTATE
OF JEFFREY RAY BELDEN,
MARIE GASTON, ADMINISTRATRIX
AND MARIE GASTON, SURVIVOR OF
JEFFREY RAY BELDEN,

                                        Plaintiffs,

vs.                                                          Case No.:

WARREN PLOEGER, GLEN LEITCH,
STEVE ROBERTS, INDIVIDUALLY AND AS
COUNTY COMMISSIONERS OF BROWN COUNTY,
KANSAS, LAMAR SHOEMAKER, INDIVIDUALLY AND
AS SHERIFF OF BROWN COUNTY, KANSAS,
BRETT HOLLISTER

And

JOHN DOE(S) AND JANE DOE(S) UNKNOWN AND UNIDENTIFIED
EMPLOYEE(S) OF BROWN COUNTY, KANSAS,

                                        Defendants.

<u>CIVIL COMPLAINT</u>

        COME NOW, the Plaintiffs, by and through their counsel, Robert R. Laing, Jr.,

and for their causes of action against the Defendants state as follows:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## I.  INTRODUCTORY STATEMENT

1.    This is an action for money damages against the above named Defendants for violations of Plaintiffs' constitutionally protected rights and for rights protected under the laws of the State of Kansas.

## II.  JURISDICTION

2.    This court has jurisdiction to hear and determine this matter under 28 U.S.C. 1331, 28 U.S.C. 1343, 28 U.S.C. 1367, 42 U.S.C. 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

## III PARTIES

3.    Jeffrey Ray Belden (deceased) was the son of Marie Gaston.  Jeffrey Ray Belden died intestate.  Marie Gaston is the Administratrix of the Estate of Jeffrey Ray Belden.

4.    Marie Gaston is the surviving parent of Jeffrey Ray Belden.  She is a resident of Morrill, Brown County, Kansas.

5.    Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as Brown County Commissioners, may be served with summons at the Brown County Courthouse, 601 Oregon, Hiawatha, Kansas 66434.

6.    Lamar Shoemaker, Sheriff, is a resident of Brown County Kansas, and is employed at the Brown County Sheriff's Department, 706 Utah, Hiawatha, Kansas 66434.

7.    Brett Hollister, Jail Administrator, is a resident of Brown County Kansas, and is employed at the Brown County Sheriff's Department, 706 Utah, Hiawatha, Kansas 66434.

8.    The Board of County Commissioners were at all times herein duly appointed, elected, employed and acting as the governing body of Brown County, Kansas, a governmental subdivision of the State of Kansas.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

9.    John Doe(s), And Jane Doe(s) are unidentified employees of Brown County, Kansas and the Brown County Jail who were responsible for guarding and supervising Jeffrey Ray Belden on the day of his death.

IV.  FACTUAL STATEMENT

10.    That Jeffrey Ray Belden, Deceased, was born April 28, 1981.

11.    That on or about July 1, 2002, Jeffrey Ray Belden, Deceased, was incarcerated in the Brown County jail.

12.    That during his incarceration, Jeffrey Ray Belden exhibited strong suicidal tendencies.

13.    That Jeffrey Ray Belden, Deceased, committed suicide in the Brown County jail on August 14, 2002.

14.    That Jeffrey Ray Belden, Deceased, should have been on suicide watch at the time of his death in the Brown County jail.

15.    That for several weeks prior to his suicide, Jeffrey Ray Belden was refusing to eat and crying most of the time.

16.    That on the day of his suicide, Jeffrey Ray Belden refused to eat and threw his food at the personnel of the jail and was moved to different cells.

17.    That on the day of his suicide, Jeffrey Ray Belden set fire to his second cell and plugged up the toilet, and when discovered, there was three (3) feet of water in the cell.

18.    That Jeffrey Ray Belden was to have been moved from his second cell to solitary confinement in the "drunk tank" on the day of his suicide but could not be so moved because he was so out of control there was not enough personnel at the jail to accomplish the move and he was moved to a third cell.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

19.    That Jeffrey Ray Belden, Deceased, was able to accomplish his foreseeable suicide due to the fact that he was left alone for an inordinate amount of time and not supervised or watched and was provided with instrumentation to accomplish the suicide.

20.    That no effective suicide watch program has been implemented at the Brown County Jail by any of the Defendants who were responsible for doing so.

21.    That Defendants Warren Ploeger, Glen Leitch and Steve Roberts were responsible for providing adequate facilities, personnel and procedures to safeguard the inmates at the Brown County Jail.

22.    That Defendants Lamar Shoemaker and Brett Hollister were responsible for providing adequate facilities, security and procedures at the Brown County Jail and were in charge of and responsible for checking on the Decedent, Jeffrey Ray Belden, and observing him at regular intervals on the health and well being checks and failed to adequately and properly do so.

23.    That Defendants Lamar Shoemaker and Brett Hollister were in charge of and responsible for checking on the decedent, Jeffrey Ray Belden, and observing him at regular intervals on the health and well being checks and failed to adequately and properly do so.

24.    Jail personnel routinely, and with the knowledge, permission, direction, and acquiescence of supervisors, fail to keep adequate and proper checks on inmates.

25.    Jail personnel are not properly trained in their positions, which includes suicide prevention.  Defendants in charge of ensuring that Jeffrey Ray Belden did not commit suicide were not properly trained or supervised, and that failure of training and supervision resulted in the suicide of Jeffrey Ray Belden.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

26.    The facilities in the Brown County Jail which are the responsibility of the  Board of County Commissioners and Sheriff of Brown County, Kansas, are conducive to allowing an inmate to commit suicide.

27.    Jail supervisors are in charge of properly training and supervising other jail personnel, but they have failed to properly train Defendants in suicide prevention and failed to properly train the Defendants in regard to Jeffrey Ray Belden's suicide.

28.    The death of Jeffrey Ray Belden could have been prevented had the Brown County Jail had proper facilities.

29.    The death of Jeffrey Ray Belden could have been prevented had the Defendants abided by standards and procedures applicable to inmates safety which were not implemented by and were the responsibility of the Board of County Commissioners, Lamar Shoemaker and Brett Hollister.

30.    The death of Jeffrey Ray Belden could have been prevented had the Defendants in charge of caring for Jeffrey Ray Belden been properly trained and supervised.

31.    The death of Jeffrey Ray Belden could have been prevented had the Defendants in charge of training and supervising the Defendants in charge of caring for Jeffrey Ray Belden been properly trained and supervised the Defendants in charge of caring for Jeffrey Ray Belden.

32.    The law regarding deliberate indifference in regard to prevention of jail suicides and liability in cases of jail suicides is well established.

## V.  CAUSES OF ACTION

### COUNT I

### Under U.S.C. 42 § 1983

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Deliberate Indifference to the Suicidal Condition of Jeffrey Ray Belden
In Violation of the Fourteenth and Eighth Amendments to the United States Constitution

COMES NOW, the Plaintiff, Marie Gaston, the Administratrix of the Estate of Jeffrey Ray Belden, Deceased, and as and for her claim based on the Fourteenth and Eighth Amendments to the Constitution of the United States and Title 42 of the United States Code, and 42 U.S.C. § 1983, against Defendant Lamar Shoemaker, individually and as Sheriff of Brown County, Kansas, Defendant Brett Hollister and Defendants John Doe(s), Defendants Jane Doe(s) does state, allege and aver as follows:

33.    All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

34.    While in custody of the Brown County Jail, Jeffrey Ray Belden exhibited strong signs of suicidal tendencies.

35.    Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) possessed actual knowledge that Jeffrey Ray Belden posed a specific risk of committing suicide.  They were deliberately indifferent to the health and safety and to the risk of Jeffrey Ray Belden committing suicide when they failed to take steps to prevent the suicide of Jeffrey Ray Belden.  Their failure to take appropriate measures to prevent Jeffrey Ray Belden from committing suicide resulted in the death of Jeffrey Ray Belden.

36.    Defendants Brett Hollister and Lamar Shoemaker were in charge of properly training and/or supervising the other Defendants and jail personnel and possessed actual knowledge that Jeffrey Ray Belden posed a specific risk of committing suicide.  They were deliberately indifferent to the health and safety and to the risk of Jeffrey Ray Belden committing suicide when they failed to properly train or supervise employees in charge of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

caring for Jeffrey Ray Belden.  Their failure to properly train and/or supervise the other Defendants resulted in the death of Jeffrey Ray Belden.

37.    Defendants John Doe(s) and Jane Doe(s) are liable to Plaintiffs in this case because Defendants John Doe(s) and Jane Doe(s) were acting pursuant to an official policy or custom officially sanctioned by Defendants Lamar Shoemaker and Brett Hollister.

38.    Defendants Lamar Shoemaker and Brett Hollister are further liable by their failure as supervisors to adequately train and/or supervise jail personnel in regard to prisoner rights and prevention of suicides.

39.    Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) did not property and adequately supervise and guard Jeffrey Ray Belden when they knew or should have known that he was suicidal.

40.    As a result of Defendants' actions and omissions, they are liable to the Plaintiff.

41.    That as a result of the actions of Defendants Lamar Shoemaker,  Brett Hollister, John Doe(s) and Jane Doe(s), the Plaintiff is entitled to attorney's fees.

42.    That the Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) actions were malicious and intentional, entitling Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff, Marie Gaston, Administratrix of the Estate of Jeffrey Ray Belden, Deceased, hereby prays for judgment in the amount of $10,000,000.00 in actual damages against Defendants Lamar Shoemaker. Brett Hollister, John Doe(s), and Jane Doe(s) and punitive damages in an amount of necessary to deter the Defendants from continuing such actions; for her attorney's fees, costs and for such other and further relief as the Court deems appropriate in these premises.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

COUNT II

U.S.C. 42 §1983

COMES NOW, the Plaintiff, Marie Gaston, the Administratrix of the Estate of Jeffrey Ray Belden, Deceased, and as and for her claim based on the Fourteenth and Eighth Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983, against Defendants Warren Ploeger, Glen Leitch and Steve Roberts as individuals and as County Commissioners of Brown County, Kansas, does state, allege and aver as follows:

43.    All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

44.    That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas were deliberately indifferent in regard to the safety and health and to the risk of Jeffrey Ray Belden committing suicide which resulted in the death of Jeffrey Ray Belden.

45.    That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were deliberately indifferent in their failure to properly guard and supervise Jeffrey Ray Belden when the employees of Brown County, Kansas, knew that Jeffrey Ray Belden was suicidal.

46.    That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were deliberately indifferent in providing inadequate and unsafe facilities, unqualified personnel and inappropriate procedures which resulted in the suicide of inmate Jeffrey Ray Belden.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

47.    That Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were deliberately indifferent to the conditions and problems of inmate Jeffrey Ray Belden.

48.    That as a result of the actions of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, the Plaintiff is entitled to an award of damages.

49.    That as a result of the actions of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, the Plaintiff is entitled to an award of attorney fees.

50.    That  the actions of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were malicious and intentional.

51.    That as a result of the actions of the Defendants, Warren Ploeger, Glen Leitch and Steve Roberts, County Commissioners of Brown County, Kansas, being malicious and intentional, the Plaintiff is entitled to an award of punitive damages.

52.    That as a result of the actions of the Defendants Warren Ploeger, Glen Leitch and Steve Roberts,  County Commissioners of Brown County, Kansas, the Plaintiff has incurred expenses.

53.    That as a result of the improper facilities and improper customs, practice, usage and operation of the Brown County jail under the common pretense of ordinance, regulations, custom and usage of Brown County, Kansas, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff, Marie Gaston, the Administratrix of the Estate of Jeffrey Ray Belden, prays for an award of damages against the Defendants Warren Ploeger,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown

County, Kansas, in an amount of $10,000,000.00 and for an award of punitive damages in an

amount to deter the Brown County Commissioners from continuing like actions; her costs

including, but not limited to reasonable attorney's fees and for such other and further relief as

appropriate in these premises.

COUNT III

Under U.S.C. 42 §1983

COMES NOW, the Plaintiff, Marie Gaston, the Survivor of Jeffrey Ray Belden,

Deceased, and as and for her claim based on the Fourteenth and Eighth Amendments to

the Constitution of the United States and Title 42 of the United States Code, Section

1983, against, Defendant Lamar Shoemaker, individually and as Sheriff of Brown

County, Kansas, Defendants John Doe(s), Defendants Jane Doe(s) and Defendant Brett

Hollister, does state, allege and aver as follows:

54. All other paragraphs contained within this Civil Complaint are incorporated

herein by reference as if fully set forth herein.

55. While in custody of the Brown County Jail, Jeffrey Ray Belden, exhibited strong

signs of depression and fear which are suicidal tendencies.

56. Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s)

possessed actual knowledge that Jeffrey Ray Belden posed a specific risk of

committing suicide. They were deliberately indifferent to the needs and safety and to

the risk of Jeffrey Ray Belden committing suicide when they failed to take steps to

prevent this harm to Jeffrey Ray Belden. Their failure to take appropriate measures to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prevent Jeffrey Ray Belden, from committing suicide resulted in the death of Jeffrey Ray Belden.

57.   Defendants Lamar Shoemaker and Brett Hollister were in charge of properly training and/or supervising the other Defendants and possessed actual knowledge that Jeffrey Ray Belden posed a specific risk of committing suicide.  Defendants Lamar Shoemaker and Brett Hollister were deliberately indifferent to the safety and to the risk of Jeffrey Ray Belden committing suicide when they failed to properly train or supervise employees in charge of caring for Jeffrey Ray Belden.  Their failure to properly train and/or supervise the other Defendants resulted in the death of Jeffrey Ray Belden.

58.   Defendants Lamar Shoemaker and Brett Hollister are further liable by their failure as supervisors to adequately train and/or supervise jail personnel in regard to prisoner rights and prevention of suicides.

59.   Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) possessed actual knowledge that Jeffrey Ray Belden posed a specific risk of committing suicide.  They were deliberately indifferent to the safety and needs and to the risk of Jeffrey Ray Belden committing suicide when they failed to take steps to prevent the suicide of Jeffrey Ray Belden.  Their failure to take appropriate measures to prevent Jeffrey Ray Belden from committing suicide resulted in the death of Jeffrey Ray Belden.

60.   Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) did not properly and adequately supervise and guard Jeffrey Ray Belden when they knew or should have known that he was suicidal.

11

61.   That as a result of the actions of Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s), the Plaintiff is entitled to attorney's fees.

62.   That the Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s)' actions were malicious and intentional, entitling Plaintiff to an award of punitive damages.

63.   That the Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s)' actions were malicious and intentional, entitling Plaintiff to an award of damages.

.   WHEREFORE, the Plaintiff, Marie Gaston, Survivor of Jeffrey Ray Belden, Deceased, hereby prays for judgment against Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) in the amount of $10,000,000.00 in actual damages and punitive damages in an amount necessary to deter Defendants from continuing such actions; for her attorney's fees, costs and for such other and further relief as the Court deems appropriate in these premises.

COUNT IV

U.S.C. 42 § 1983

COMES NOW, the Plaintiff, Marie Gaston, Survivor of Jeffrey Ray Belden, Deceased, and as and for her claim based on the Fourteenth and Eighth Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983, against Defendants Warren Ploeger, Glen Leitch and Steve Roberts as individuals and as County Commissioners of Brown County, Kansas, does state, allege and aver as follows:

64. All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

12

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

65. That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas were deliberately indifferent in regard to the safety and health and to the risk of suicide of inmate Jeffrey Ray Belden, which resulted in the death of Jeffrey Ray Belden.

66. That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were deliberately indifferent to the health and safety and to the risk of suicide of inmate Jeffrey Ray Belden in inadequate training, supervision and hiring of their employees which resulted in the death of Jeffrey Ray Belden.

67. That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown, Kansas, were deliberately indifferent in providing inadequate and unsafe facilities, unqualified personnel and inappropriate procedures for inmate Jeffrey Ray Belden.

68. That the employees of the County Commissioners of Brown County, Kansas, were aware that the inmate, Jeffrey Ray Belden was suffering from depression and was suicidal.

69. That Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were deliberately indifferent to the conditions and problems of inmate Jeffrey Ray Belden.

70. That as a result of the actions of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, the Plaintiff is entitled to damages.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

71.   That as a result of the actions of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, the Plaintiff is entitled to an award of attorney's fees.

72.   That the actions of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were malicious and intentional.

73.   That as a result of the actions of the Defendants, Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, being malicious and intentional, the Plaintiff is entitled to an award of punitive damages.

74.   That as a result of the actions of the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, the Plaintiff has incurred expenses.

75.   That as a result of the improper facilities and improper customs, practice, usage and operation of the Brown County jail under the common pretense of ordinance, regulations, custom and usage of Brown County, Kansas, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff, Marie Gaston, the Survivor of Jeffrey Ray Belden prays for an award of damages against Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, in an amount of $10,000,000.00 and for an award of punitive damages in an amount to deter Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, from continuing like actions; her costs including, but not limited to,

14

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

reasonable attorney's fees and for such other and further relief as appropriate in these premises.

<u>COUNT V</u>

<u>Negligence</u>

COMES NOW, the Plaintiff, Marie Gaston, the Administratrix of the Estate of Jeffrey Ray Belden, Deceased, and as and for her claim based on negligence against, Defendant Lamar Shoemaker, individually and as Sheriff of Brown County, Kansas, Defendants John Doe(s), Defendants Jane Doe(s) and Defendant Brett Hollister, does state, allege and aver as follows:

76.   All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

77.   That Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) were negligent in the care, custody and control of the Decedent, Jeffrey Ray Belden in that Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) were negligent in their failure to properly guard and supervise Jeffrey Ray Belden when they knew that Jeffrey Ray Belden was suicidal.

78.   That Defendants Lamar Shoemaker and Brett Hollister were negligent in the inadequate training, supervision and hiring of employees which resulted in the death of Jeffrey Ray Belden.

79.   That the negligence of Defendants Lamar Shoemaker, Brett Hollister. John Doe(s) and Jane Doe(s) caused Jeffrey Ray Belden to suffer great injury and death.

15

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

80. That as a result of the negligence of Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s), the Plaintiff has been damaged in an amount of $10,000,000.00.

81. That Defendants Lamar Shoemaker and Brett Hollister were negligent in providing inadequate and unsafe facilities for inmate Jeffrey Ray Belden, even though they knew that the inmate, Jeffrey Ray Belden, was suicidal.

82. That Defendants John Doe(s) and Jane Doe(s) were negligent in the care and supervision of Jeffrey Ray Belden, enabling him to commit suicide.

83. That as a result of the death of Jeffrey Ray Belden, the Plaintiff has incurred expenses and suffered loss of income.

WHEREFORE, the Plaintiff, Marie Gaston, Administratrix of the Estate of Jeffrey Ray Belden, prays for judgment in the amount of $10,000,000.00 for the negligence of Defendants Lamar Shoemaker, Brett Hollister, John  Doe(s) and Jane Doe(s) and for reasonable attorney's fees, costs and such other and further relief as is appropriate in these premises.

COUNT VI

Negligence

COMES NOW, the Plaintiff, Marie Gaston, the Survivor of Jeffrey Ray Belden, Deceased, and as and for her claim based on the negligence against Defendant Lamar Shoemaker, individually and as Sheriff of Brown County, Kansas, Defendants John Doe(s), Defendants Jane Doe(s) and Defendant Brett Hollister, does state, allege and aver as follows:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

84. All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

85. That Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) were negligent in the care, custody and control of the Decedent, Jeffrey Ray Belden in that Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) were negligent in their failure to properly guard and supervise Jeffrey Ray Belden when they knew that Jeffrey Ray Belden was suicidal.

86. That the Defendants Lamar Shoemaker and Brett Hollister were negligent in the inadequate training, supervision and hiring of employees which resulted in the death of Jeffrey Ray Belden.

87. That Defendants John Doe(s) and Jane Doe(s) were negligent in the care and supervision of Jeffrey Ray Belden, enabling him to commit suicide.

88. That the negligence of Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s) caused Jeffrey Ray Belden to suffer great injury and death.

89. That Defendants Lamar Shoemaker, Brett Hollister were negligent in providing inadequate and untrained personnel and procedures and unsafe facilities for inmate Jeffrey Ray Belden even though he knew that the inmate Jeffrey Ray Belden was suicidal.

90. That as a result of the negligence of Defendants Lamar Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s), the Plaintiff has been damaged in an amount of $10,000,000.00.

WHEREFORE, the Marie Gaston, Survivor of the Estate of Jeffrey Ray Belden prays for judgment in the amount of $10,000,000.00 for the negligence of Defendants Lamar

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Shoemaker, Brett Hollister, John Doe(s) and Jane Doe(s)  and for reasonable attorney's fees, costs and such other and further relief as is appropriate in these premises.

COUNT VII

Negligence

COMES NOW, the Plaintiff, Marie Gaston, the Administratrix of the Estate of Jeffrey Ray Belden, Deceased, and as and for her claim based on the negligence against Defendants Warren Ploeger, Glen Leitch and Steve Roberts as individuals and as County Commissioners of Brown County, Kansas, does state, allege and aver as follows:

91.   All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

92.   That Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were negligent in the care, custody and control of the Decedent, Jeffrey Ray Belden in that Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas were negligent in their failure to provide adequate and safe facilities, properly trained personnel and procedures and properly guard and supervise Jeffrey Ray Belden when they knew that Jeffrey Ray Belden was suicidal.

93.   That the Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas, were negligent in the inadequate training, supervision and hiring of employees and providing adequate facilities which resulted in the death of Jeffrey Ray Belden.

18

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

94.   That the negligence of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners of Brown County, Kansas caused Jeffrey Ray Belden to suffer great injury and death.

95.   That as a result of the negligence of Warren Ploeger, Glen Leitch and Steve Roberts, as individuals and as County Commissioners, of Brown County, Kansas, the Plaintiff has been damaged in an amount of $10,000,000.00.

WHEREFORE, the Plaintiff, Marie Gaston, Administratrix of the Estate of Jeffrey Ray Belden, prays for judgment in the amount of $10,000,000.00 for the negligence of Defendants Warren Ploeger, Glen Leitch and Steve Roberts, individually and as County Commissioners of Brown County, Kansas and for reasonable attorney's fees, costs and such other and further relief as is appropriate in these premises.

COUNT VIII

Negligence

COMES NOW, the Plaintiff, Marie Gaston, the Survivor of Jeffrey Ray Belden, Deceased, and as and for her claim based on negligence against Defendants Lamar Shoemaker , individually and as Sheriff of Brown County, Kansas,  Defendant John Doe(s), Defendant Jane Doe(s) and Defendant Brett Hollister does state, allege and aver as follows:

96.   All other paragraphs contained within this Civil Complaint are incorporated herein by reference as if fully set forth herein.

97.   That  Defendants Lamar Shoemaker , individually and as Sheriff of Brown County, Kansas,  Defendant John Doe(s), Defendant Jane Doe(s) and Defendant Brett Hollister, were negligent in the care, custody and control of the Decedent, Jeffrey Ray

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Belden in that Defendants Lamar Shoemaker , individually and as Sheriff of Brown County, Kansas,  Defendant John Doe(s), Defendant Jane Doe(s) and Defendant Brett Hollister, were negligent in their failure to provide adequate facilities properly trained personnel, procedures and properly to guard and supervise Jeffrey Ray Belden when they knew that Jeffrey Ray Belden was suicidal.

98.   That the Defendants Lamar Shoemaker , individually and as Sheriff of Brown County, Kansas,  and Brett Hollister, were negligent in the inadequate training, supervision and hiring of employees which resulted in the death of Jeffrey Ray Belden.

99.   That the negligence of Defendants Lamar Shoemaker , individually and as Sheriff of Brown County, Kansas,  Defendant John Doe(s), Defendant Jane Doe(s) and Defendant Brett Hollister caused Jeffrey Ray Belden to suffer great injury and death.

100. That Defendants John Doe(s) and Jane Doe(s) were negligent in the care and supervision of Jeffrey Ray Belden enabling him to commit suicide.

101.

102. That Defendants Lamar Shoemaker, individually and as Sheriff of Brown County, Kansas and Defendant Brett Hollister were negligent in providing inadequate and unsafe facilities for inmate Jeffrey Ray Belden even though they knew that the inmate Jeffrey Ray Belden was suicidal.

103. That as a result of the negligence of Defendants Lamar Shoemaker , individually and as Sheriff of Brown County, Kansas,  Defendant John Doe(s), Defendant Jane Doe(s) and Defendant Brett Hollister, the Plaintiff has been damaged in an amount of $10,000,000.00.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

WHEREFORE, the Plaintiff, Marie Gaston, Survivor of Jeffrey Ray Belden,
prays for judgment in the amount of $10,000,000.00 for the negligence of Defendants
Warren Ploeger, Glen Leitch and Steve Roberts, individually and as County Commissioners
of Brown County, Kansas and for reasonable attorney's fees, costs and such other and further
relief as is appropriate in these premises.

IX  REQUEST FOR JURY TRIAL

Plaintiffs hereby request that this matter be tried to a jury.

X.  DESIGNATION OF PLACE FOR TRIAL

Plaintiffs hereby designate Kansas City, Kansas, as the place for trial of this matter.

/s/ Robert R. Laing, Jr.
Robert R. Laing, Jr., #11641
12 Corporate Woods
10975 Benson, Suite 570
Overland Park, Kansas 66210
(913) 339-9111
(913) 339-9210 (Fax)
E-mail:  rrlaing@planetkc.com
ATTORNEY FOR PLAINTIFFS

PDF created with FinePrint pdfFactory trial version www.pdffactory.com